E-FILED
Wednesday, 06 April, 2022  04:15:12 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

DWAYNE CROOM,                           )
   Plaintiff,                          )
                                    )
   vs.                                 )          Case No. 21-1300
                                    )
J. LILES, et. al.,                      )
   Defendants                          )

### MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Correctional Officers J. Liles, Andrew Smith, B. Summer, B. Staley, I. Perez, and Vroman; Therapist K. Fallen; Dr. Andrew Tilden; Nurses Michelle Williams, Ramble, Rebecca, Ashley, and Sherry; Sergeant Wilson; Lieutenant Doyle, and an unspecified number of John Doe Defendants violated his rights at Pontiac Correctional Center. Plaintiff's 52-page complaint includes background information and exhibits, but the Plaintiff has identified his specific claims in three alleged counts. (Comp, p. 17- 18).

Count One claims Defendants Smith, Liles, Summer, Staley, Perez and Vroman used excessive force on August 8, 2019 when they beat and sprayed chemical spray on Plaintiff in an unprovoked assault.

Count Two alleges Defendants Smith, Liles, Summer, Staley, Perez, and Vroman failed to intervene to stop the use of excessive force.

Count Three alleges Defendants Dr. Tilden, and Nurses Williams, Ramble, Rebecca, Ashley, and Sherry were deliberately indifferent to his injuries and pain after the assault.  Defendant Therapist Fallen was also deliberately indifferent to his mental health needs.

Plaintiff has not identified Defendants Wilson or Doyle in the three counts, but he does adequately allege he informed both Defendants he was covered in painful chemical spray and the water to his cell was turned off.  The Defendant took no action. In addition, Plaintiff says he informed the Defendant his cell has filthy and covered in urine, feces, dried blood, and bugs, but the Defendant again took no action.  Plaintiff has adequately alleged the Defendants violated his Eighth Amendment rights when the intentionally refused water to wash off the chemical spray and based on unconstitutional living conditions.

Plaintiff has not explained the involvement of any John Doe Defendant and therefore he has not provided enough information to state a claim against any Doe Defendants even at initial screening. (Comp, p. 24).

Although Plaintiff filed his complaint more than two years after the alleged incident, the statute of limitations period is tolled during the grievance process. *See*

2

*Hatch v. Briley*, 230 Fed.Appx. 598, 599 (7th Cir. 2007)(statute of limitations clock begins when claim accrues, stops during grievance procedure, and restarts when procedure is complete).  Based on the attachments to his complaint, it appears Plaintiff's complaint is timely.

Plaintiff has also filed a motion for appointment of counsel. [5].  The Court cannot require an attorney to accept *pro bono* appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

> Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

Ultimately "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant." *Pruitt,* 503 F.3d at 655 (internal quotation omitted). The text is whether the litigant is competent to litigate his own claims. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

Plaintiff has demonstrated some attempt to find counsel on his own.  Therefore, the Court must focus on "whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt,* 503 F.3d at 655.  ‼

Plaintiff's complaint is clear and on point with relevant exhibits attached.  None of his surviving claims are complex, and Plaintiff has demonstrated he is capable of explaining what happened as well as the involvement of the Defendants.

The Court will set this matter for a hearing once the Defendants are served and will review claims, defenses, and needed discovery.  A Scheduling Order will then be entered with additional information which can assist a *pro se* litigant. Plaintiff will be able to obtain any additional, relevant records during discovery.

Based on the current record, Plaintiff's motion is denied. [5].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendants Smith, Liles, Summer, Staley, Perez and Vroman either used excessive force or failed to intervene to stop the use of excessive force on August 8, 2019; b) Defendants Dr. Tilden, and Nurses Williams, Ramble, Rebecca, Ashley, and Sherry were deliberately indifferent to Plaintiffs his injuries and pain after the assault and Defendant Fallen was deliberately indifferent to his mental health needs; c) Defendants Wilson and Doyle violated Plaintiff's Eighth Amendment rights when they intentionally refused water to wash off the chemical spray on August 8, 2019; and d) Defendants Wilson and Doyle violated Plaintiff's Eighth Amendment rights based on his unconstitutional living conditions beginning on August 8, 2019.

The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss the Doe Defendants for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for appointment of counsel, [5]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 6th day of April, 2022.


s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE